Date signed January 05, 2016



```
                   UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF MARYLAND
                             at Greenbelt

   IN RE:                        :
                                 :
   EKAETTE TOM AKWA,             :    Case No. 15-26914-PM
                                 :         Chapter 13
             Debtor              :    Not for publication in West's
                                 :    Bankruptcy Reporter.
   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

MEMORANDUM DECISION RE MOTION TO EXTEND AUTOMATIC STAY AGAINST ALL CREDITORS AS TO DEBTOR PURSUANT TO 11 U.S.C. §§ 105(a), 362(c)(3)(A), (B); AND TO RECOGNIZE CONTINUED EXISTENCE OF AUTOMATIC STAY AS TO PROPERTY OF THE ESTATE

The debtor has filed a motion titled *Motion to Extend Automatic Stay Against All Creditors as to Debtor Pursuant to 11 U.S.C. §§ 105(a), 362(c)(3)(A), (B); and to Recognize Continued Existence of Automatic Stay as to Property of the Estate*. For the reasons stated by the court at a hearing of January 4, 2016, and as elaborated upon in this decision, the *Motion* must be denied.

I

Part of the motion seeks a determination that 11 U.S.C. § 362(c)(3) does not apply to property of the estate. The better

interpretation is that § 362(c)(3) does apply to property of the estate.  *See In re Daniel*, 404 B.R. 318 (Bankr. N.D. Ill. 2009); Laura B. Bartell, *Staying the Serial Filer—Interpreting the New Exploding Stay Provisions of § 362(c)(3) of the Bankruptcy Code*, 82 Am. Bankr. L.J. 201, 206-08, 218-26 (2008).  *See also, e.g., In re Reswick*, 446 B.R. 362, 365 (B.A.P 9th Cir. 2011); *In re Jupiter*, 344 B.R. 754, 760, 762 n.12 (Bankr. D.S.C. 2006) (reporting that all of the bankruptcy judges of the district concurred with the opinion).

In this district, a decision, issued before *In re Daniel* was decided, viewed the statute differently from *In re Daniel*.  *See In re Tubman*, 364 B.R. 574 (Bankr. D. Md. 2007).  However, the Honorable Paul Mannes of this court has declined to follow *In re Tubman*, finding *In re Daniel* and *In re Jupiter*, and the afore-cited article by Professor Bartell, to be more persuasive.  *See In re Nwachukwu*, Case No. 14-17937 (Dkt. No. 36), Transcript at 45, 46-47.

There are decisions issued after *In re Daniel* was decided that view the statute differently from *In re Daniel* by treating the language "with respect to the debtor" in § 362(c)(3) as unambiguous.  *See, e.g., In re Scott*-Hood, 473 B.R. 133, 136 (Bankr. W.D. Tex. 2012).  However, "[s]tatutory construction . . . is a holistic endeavor."  *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988).  By

2

interpreting the language "with respect to the debtor" in the context of the entirety of § 362(c)(3), *In re Daniel* represents a more holistic approach, and demonstrates that the language is ambiguous.  For example, the opening phrase of § 362(c)(3) makes it applicable to a joint case filed by the debtor and the debtor's spouse when a single case of the debtor was dismissed within the preceding one-year period.  The language "with respect to the debtor" would serve the purpose of clarifying that it is only with respect to the debtor whose prior case was dismissed, and not that debtor's spouse in the joint case, who under § 362(c)(3) faces the potential loss of the automatic stay.  Upon determining that the statute is ambiguous, *In re Daniel* and similar decisions convincingly demonstrate that the only reasonable interpretation of § 362(c)(3) is that it applies to property of the estate.

Reading § 362(c)(3) as a whole, I conclude that the provision applies to property of the estate.  The debtor's motion for a contrary declaration will be denied.

                                II

The debtor's motion also seeks to have the court extend the automatic stay pursuant to § 362(c)(3)(B).  For reasons set forth on the record at the hearing of January 4, 2016, the debtor has not demonstrated that this case was filed in good faith.  There has not been a substantial change in the debtor's financial

3

affairs.  If anything, the debtor's financial circumstances as of the filing of her petition commencing this case have gotten worse.  The debtor hopes to obtain part time employment, but she had no such part time employment when she filed the case.  She had still not secured such part time employment as of the hearing on the *Motion*, 28 days after the case was filed, and she presented no evidence regarding the amount of income she would earn from such part time employment.  Moreover, a prior decision of this court in an adversary proceeding filed in the debtor's prior bankruptcy case held that the debtor cannot modify the mortgage on her home (and cannot bifurcate it into a secured debt and an unsecured debt).  That decision was affirmed by the district court and, although on appeal to the court of appeals, has not been reversed, and remains a determination binding on the debtor in this case by reason of issue preclusion (collateral estoppel).  The debtor conceded that, even with part time employment, she will be unable to cure the arrears on her home mortgage (the goal of her filing this case) if the entire debt is treated as secured and not subject to modification.  There is thus no reason to think that this case will result in a confirmed plan.  Yes, an appeal is pending in the court of appeals regarding the ruling in the prior case against mortgage modification.  However, unless and until that ruling is reversed it is binding on the debtor.  In the prior case, the court insisted that any plan *not* modify the home mortgage, and the

4

debtor then voluntarily dismissed her case.[1] She ought not obtain the benefit of the automatic stay in this case when she is unable to obtain confirmation of a plan in accordance with what the court insisted upon in the prior case: no modification of the home mortgage.[2] Under 11 U.S.C. § 362(c)(3)(B) and (C)(i)(III)(bb), the lack of any substantial change in the debtor's financial circumstances, coupled with her inability (based on the rulings from the prior case that are binding on the debtor) to obtain confirmation of a plan, gave rise to a presumption of bad faith under § 362(c)(3)(C) and required the debtor to rebut that presumption by "clear and convincing

---

[1] It is noteworthy that the debtor dismissed the prior case only after the chapter 13 trustee moved to dismiss that case as filed in bad faith, but I need not delve into the allegations of bad faith regarding that case.

[2] She could have sought to have the prior case remain pending (by seeking a stay of proceedings in the case pending the appeal of the order ruling that modification of the home mortgage was impermissible), but elected instead to dismiss that case, and to file this new case without making the showing that would have been required to obtain a stay pending appeal in the prior case.

5

evidence" that this case was filed in good faith.  She did not carry that burden.

### III

An order follows.

[Signed and dated above.]

cc:  Debtor; e-recipients of notice of orders.

END OF ORDER